IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB GORSKY and OLESYA GORSKY, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-16-2877 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| DEPUTY GUAJARDO, DEPUTY SMALL, | § | |
| DEPUTY BERRY, and | § | |
| CORPORAL RIVAUX, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Harris County and the individual police officers have moved for summary judgment on all of Jacob and Olesya Gorsky's claims. (Docket Entry Nos. 46, 48, 51, 53). In response to the defendants' motions for summary judgment, the Gorskys—who are represented by counsel—submitted a brief asserting:

> Plaintiffs object to defendants' recitation of the facts, all by interested or paid witnesses, in their motion for summary judgment insofar as they are in conflict with Plaintiffs' facts asserted herein, declarations, deposition testimony, and other summary judgment evidence provided and the reasonable inferences in a light most favorable to plaintiff.

(Docket Entry No. 68 at 6).

The brief does not state which of the defendants' facts are disputed, or provide pinpoint citations to contravening summary judgment evidence. Nor do the Gorskys state the facts they assert create a material factual dispute for any of their claims. An illustrative example—though not the only instance—is the Gorskys' argument on the officers' alleged use of excessive force. The argument states, in part: "The summary judgment evidence clearly supports the Gorskys'

claims of excessive force. . . . Both Gorskys testify extensively about the force used upon them when they had committed no crimes. See above and Exhibit 7." (Docket Entry No. 68 at 20). "Above" presumably refers to the Gorskys' statement of facts, and Exhibit 7 is Mr. Gorsky's complete declaration. (Docket Entry No. 68-7). But nowhere do the Gorskys identify specific evidence in the record and articulate "the precise manner in which" that evidence supports their claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014) (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

"Courts are entitled to assistance from counsel, and an invitation to search without guidance is no more useful than a litigant's request to a district court at the summary judgment stage to paw through the assembled discovery material. 'Judges are not like pigs, hunting for truffles buried in the record.'" *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)).

The Gorskys are ordered to submit an additional brief, **no later than December 23, 2019**, using pin cites to identify specific record evidence, to identify the evidence that supports their claims and explain how. The defendants may respond **no later than January 13, 2020**. No extensions will be granted. Docket call and the joint pretrial order deadline are cancelled pending resolution of the summary judgment motions.

SIGNED on December 9, 2019, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge