## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **JACOB GORSKY,** *et al.,* | )( | **Civil Action No. 4:16-cv-2877** |
| | )( | **(Jury Trial)** |
| *Plaintiffs,* | )( | |
| | )( | |
| **v.** | )( | |
| | )( | |
| **HARRIS COUNTY,** *et al.,* | )( | |
| | )( | |
| *Defendants.* | )( | |

## <u>PLAINTIFFS' PROPOSED VOIR DIRE QUESTIONS</u>

**TO THE HONORABLE LEE H. ROSENTHAL:**

NOW COME Plaintiffs and files the following *voir dire* questions for consideration:

1.     Do you think that concerns for constitutional rights place unreasonable limits on police?

2.     Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3.     Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against a law enforcement officer?

4.     Plaintiff in this case is Jacob and Oleysa Gorsky. They are represented by Randall L. Kallinen and Alexander Johnson.  Do any of you know the Gorskys or their attorneys? If so, please explain how you know him and advise if anything about your knowledge of him would in any way affect your ability to sit as a juror and render a fair and impartial verdict in this case.

5.     Defendants are Harris County Constable deputies. At the time of the events at issue, they were employees of Harris County, Texas. The Defendants are represented by Harris County attorneys.  Do any of you know the Defendants or their attorneys? If so, please explain how you know them and advise if anything about your

knowledge of them would in any way affect your ability to sit as a juror and render a fair and impartial verdict in this case.

6.     Is there any person here who would require the plaintiff to prove his case with a legal standard higher than preponderance of the evidence?

7.     Would you tend to favor one side or the other in this case without regard to the evidence that may be presented?

8.     Other things being equal, would you tend to treat the testimony of a Harris County deputy constable or county employee differently from that of an ordinary citizen merely because the testimony came from a deputy constable or County employee?

9.     Does anyone here have any feeling that the testimony of a government employee is entitled to greater or lesser weight or believability than that of a civilian?

10.    Does any here believe that the laws against excessive force by government employees should be upheld at all times?

11.    Do you feel that violations of the Fourth Amendment's prohibition on excessive force should be awarded monetary damages?

12.    Anyone who feels they cannot be fair to both sides?

13.    Anyone who feels they cannot deliberate – talk to one another, and listen to each other?

14.    Anyone who believes you would be unwilling to render a verdict for Plaintiffs if the facts as you find them and as you read the instructions from the judge call for such a verdict?

15.    If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any governmental agency of any kind?

16.    How many of you think there should be limits on the amount of money people can receive for damages through lawsuits.

17.    If you were harmed by someone and suffered serious emotional (not physical)

injury as a result - would you file a lawsuit?

18.    Do you understand that I will instruct you on matters of law at the end of the case and you are required to follow my direction as to the law on the matters involved in this case?

19.    Do you understand that this is not a criminal case and that the plaintiff's standard or burden of proof to prevail is less than that required in a criminal case? In other words, the plaintiff does not have to prove her case beyond a reasonable doubt. Rather, the law requires that in this civil case, the plaintiff has to prove her claims by a preponderance of the evidence. Proof by a preponderance of the evidence means that plaintiff must produce evidence that, when considered in light of all the facts, leads you to believe that what she seeks to prove is more likely true than not true. To put it differently, if you were to put plaintiff's and defendants' evidence on opposites sides of a scale, plaintiff would have to make the scales tip slightly in their favor. Do you understand that?  Will you follow the court's instructions regarding proof by a preponderance of the evidence in this case?

20.    Describe any feelings or thoughts you have about people, or the lawyers who represent them, who bring civil rights cases against the government.

21.    Describe any feelings or thoughts you have about lawsuits in general.

22.    Do you think there are too many lawsuits in this country? If you do, please tell us about that.

23.    How  do you feel about people bringing lawsuits for money damages against county employees who they believe have treated them unfairly or violated their rights?

24.    Do you think that lawsuits are tying the hands of the government or police?

25.    The court will instruct you that the burden of proof is constant on all issues is the burden – it does not change with the amount of compensatory damages. Regardless of the judge's instruction how many of you would require the plaintiffs to meet a higher burden of proof before you would award a substantial verdict for emotional distress damages?

26.    Are you related to or do you have any friends who are law enforcement officers?

27.    This is a law enforcement misconduct case. Do any of you think that our current laws protecting citizens' rights are an unreasonable burden on law enforcement to do their job?

28.    Have any of you, or any of your family members or close friends, had any particularly bad or particularly good experiences with law enforcement officers?

29.    Do any of you have any positive or negative feelings about persons who bring lawsuits alleging that their rights have violated by law enforcement officers?

30.    Do any of you have any attitudes or experiences that might make it hard to be fair with a person who has been accused of stating their intention to sue a county employee or ordinance enforcer?

31.    Have you ever made any kind of financial contribution to any neighborhood or citizens' association concerned with the suppression of crime?
If yes, please explain.

32.    Have you ever belonged to or made a financial contribution to any group, association, or organization that represents law enforcement officers or that supports or promotes their interests? If yes, please explain.

33.    Are there certain types of lawsuits that you feel are unfair or unjust and should not be brought to court? If yes, what kind?

34.    If you felt you were wronged by another's actions, would you consider bringing a lawsuit? If no, why not?

35.    Punitive damages, that is damages to punish a bad actor, goes to the plaintiff and not to a fund or for public use.  Knowing that the money goes to the plaintiff, and not to a community fund, will anyone have hesitance to award punitive damages if plaintiff shows that she is entitled to punitive damages warranted under the law?

36.    The Bill of Rights is to protect individuals against the government. Do you agree with that statement?

37.    This case is about the Bill of Rights, particularly the Fourth Amendment which protects against excessive force.

Will you uphold that Constitutional Right in this case if the evidence supports it?

38.     There is, in turn, a federal civil rights law, called the Civil Rights Act, whose purpose is to give individuals whose rights, in this case their right to be protected from unreasonable searches and seizures, a remedy, that is, the right sue for money. This case will require you to work within this framework.
It is because this is a constitutional case that we are in this building. Are you willing to perform your duty as citizens and members of the jury in this constitutional case?

39.     Is there anyone who feels that they will be unable to deliberate about money. Can you deliberate about money in a constitutional case?

40.     Is there anyone who would not believe Defendant just because he is a or Airport Traffic Control employees?

41.     Who here is has been a juror in a criminal case? Do you remember the closing argument in which the judge said the prosecution had to prove their case beyond a reasonable doubt? Did you follow that instruction? Here each side is trying to prove their case by the greater weight of the evidence.  For those of you have been on a criminal case and worked with that standard, are you willing to apply this different standard? For those of you who haven't been on a criminal case, are you willing to apply this standard?

42.     Every lawsuit ends with a verdict form that asks the jury to award money damages. So lets talk about damages.  The Court will say that mental anguish and emotional distress can be the basis for damages – how many of you don't like the idea of awarding money for emotional distress, just do not believe in it – and because of that you just would not award money for emotional distress?

43.     What are your opinions about how the problem of police or Airport Traffic Control employees misconduct ought to be handled? Do you think police officers and should be held responsible for mistakes they may make?


## QUESTIONS THE PLAINTIFF MAY ASK THE JURY POOL


1.     In addition to the parties, the following individuals may be called as witnesses, please tell us if you know any of them:

See Witness Lists of the Parties.

2.  Have you or anyone close to you ever been employed by Harris County or by any law enforcement agency in any capacity?  If so, please explain.

3.  Have you or anyone close to you ever been employed by any county, municipality in the State of Texas?  What was the position held?

4.  Have you or anyone close to you ever been employed by a governmental unit in the State of Texas or elsewhere?

5.  Has anyone here ever served as an appointed or elected official of state, city, county, or local government?

6.  Has anyone here or anyone close to you ever been employed by an attorney?

7.  What organizations do you belong to? What organizations does your spouse belong to?

8.  Have you or anyone close to you ever been arrested or detained by the police?

9.  Has anyone here ever witnessed an arrest?

10.  Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

11.  What publications do you read regularly or often?

12.  What television programs do you watch regularly or often?

13.  Do you watch police shows on television? If so, which ones? What is your opinion of them?

14.  What was the last book you read?

15.  Have you ever served as a juror in the past? If yes, please state the following:
    A.  How many times?
    B.  When?
    C.  Were you a foreperson?
    D.  What type of case was it?

E. How did you feel about the case?
F. How did you feel about your jury service?
G. Without stating the result, did the jury reach a verdict?
H. Was the verdict for the plaintiff or defendant?
I. Do you understand the civil burden of proof in this case?

16. Have you or anyone in your family ever sued anyone, or been sued by anyone? If yes, please tell us the following:
A. Were you the plaintiff or the defendant?
B. What was the case about?
C. What was the result?
D. How did you feel about the result?

17. Do you have any family members or close friends who might be upset with you if they learned you had been part of a jury that voted to award damages to a plaintiff against a county or county employee?

Why would they be upset?

How would you feel if they were to express their displeasure to you?

Would this problem affect how you relate to that person?

Do you think this problem may affect your ability to serve as an impartial juror?

18. Do you think that county employees should not be sued? If so, why?

19. What are your feelings or thoughts about lawsuits against county employees?

20. This is a county employee misconduct case. Do any of you think that our current laws protecting citizens' rights are an unreasonable burden on law enforcement to do their job?

21. Have any of you, or any of your family members or close friends, had any particularly bad or particularly good experiences with law enforcement officers?

22. Have any of you or your close friends or family members worked for law enforcement, or worked in a job that involved regular contact with law enforcement officers? If so what agencies?

23.     Do any of you have any positive or negative feelings about persons who bring lawsuits alleging that their rights have violated by law enforcement officers?

24.     Do any of you have any attitudes or experiences that might make it hard to be fair with a person who has been accused of stating their intention to sue a county employee or ordinance enforcer?

25.     Have you ever made any kind of financial contribution to any neighborhood or citizens' association concerned with the suppression of crime?
If yes, please explain.

26.     Have you ever belonged to or made a financial contribution to any group, association, or organization that represents law enforcement officers or that supports or promotes their interests? If yes, please explain.

27.     Is there any person here who would rather not judge the actions of the defendants?

28.     Have you or anyone close to you ever been the victim of, or a witness to, any type of crime? If yes, please explain. How do you feel the police handled that situation?

29.     Have you ever contemplated working for law enforcement? If yes, what was it about the work that appealed to you? (Same questions about spouse and other working members of household.)

30.     Is any member of your family or a close friend in police work, or any kind of security or law enforcement, including as a reserve officer or deputy?

31.     What is the work, and where? How close are you to that person? Have they ever talked about their work with you? How might your relationship/friendship with a police officer influence you if you were asked to be a juror in a case like this?

32.     Have you ever called the police? If yes, why?  How did they respond?

33.     Describe any positive experiences you have had with the police. Would these experiences lead you to favor police officers in a case like this? If yes, please explain.

34.     What is your general view of the role of police in the community?

35.    Have you ever been on a ride-along with police or an ambulance? Please describe the experience.

36.    Have you ever been to a police station? If yes, why?

37.    Have you ever witnessed an incident where the police searched, arrested, detained or investigated someone? Did you form any opinions about that incident? If yes, please explain.

38.    What contact have you had with police or law enforcement through your work? Your neighborhood? Your social life?

39.    What problems do you have with the idea of an ordinary citizen suing law enforcement officer because of actions undertaken by reason of their employment?

40.    What is your immediate reaction when you hear that someone is charging the police with excessive force?

41.    Would you be more inclined to believe or disbelieve the testimony of a deputy constable more than you would the testimony of another witness who is not? If yes, why?

42.    I have often heard people say the following types of things about lawsuits. "People are too quick to sue." and "Lawsuits are costing us all too much money." Who here strongly agrees with these statements? Why?

43.    If you felt you were wronged by another's actions, would you consider bringing a lawsuit? If no, why not?

44.    The plaintiff is the individuals who filed this lawsuit. Will your feelings about lawsuits give a slight advantage to the defendants in this case? If yes, why?

45.    Have any of you, or any of your family members or close friends, ever had a claim for damages filed against him or her or against an employer with which you were affiliated? If so, state briefly the nature of the case, your involvement, and whether you were satisfied with the outcome of the case.

46.    Do any of you belong to any voluntary organizations, groups or clubs of any kind? To which groups do you belong and how frequently do you attend meetings or

functions?

47.     What radio programs do you listen to regularly?  Do any of you listen regularly to talk radio? What magazines and newsletters do you either subscribe to or read regularly? If any of you read books, what sort of books do you read, and what was the last book you read?

48.     Who thinks that deputies employees have an easy job?

49.     Who thinks that deputies have a hard job?

50.     Who thinks all deputies are bad people?

51.     Who thinks all deputies are good people?

52.     Who thinks some deputies are bad and some are good?

53.     Who thinks a deputy should be held responsible if he violates someone's constitutional rights?

54.     Is there anyone who will support the deputies so much, just because of their position that you will be unable to judge the facts in this case fairly?

55.     Does anyone think deputies hands have been tied up by the courts and cases like this so they cannot fight crime effectively?

56.     Who here has heard of the McDonald's coffee case?

57.     Who here has heard of other cases in which the award was too high?

58.     Who here has heard of a case when the award was too small? Is that possible?

59.     Have you ever served in the military? If so, please provide details.

60.     Does anyone think that all cases should be settle out of court?

61.     Is there anyone here who has had someone in government or business lie to them?

62.     Is there anyone here who has had a regular citizen lie to them? Let me tell

you: these people are going to tell different stories of what happened. Both stories can't be true.

Are you willing to face that problem, and be the one to make the judgment of who is lying and who is telling the truth?

63.     Is there any person here who would not decide for the plaintiff if there was only a small or slight violation of his Constitutional rights?

64.     Do you know or have you read anything or heard anything about this case, the plaintiff or the defendants or any of the lawyers involved in the case?

65.     Are you or is someone close to you in the military?

66.     Has a policeman ever rescued you or someone close to you from a situation?

67.     Have you ever made a complaint to the government? How did that experience go?

68.     Do you or anyone close to you work for law enforcement?

69.     We might hear from county deputies regarding excessive force, unlawful searches and entries and the law. Will anyone start off inclined to believe him/her or disbelieve him/her even before he/she starts testifying?

70.     Do you think terrible government employees should be held accountable, or because they are in public service they should be given a pass?

71.     Anyone who for any other reason just does not want to be here?

72.     Anyone who feels they cannot be fair to both sides?

73.     Anyone who feels they cannot deliberate – talk to one another, and listen to each other?

74.     Anyone who believes you would be unwilling to render a verdict for Plaintiff if the facts as you find them and as you read the instructions from the judge call for such a verdict?

75.     Police officers will be witnesses. Can you keep an open mind and be fair when listening to these officers?

76.     On a 1 -4 scale tell me – how comfortable will you be putting a dollar figure on mental anguish or emotional distress damages – 1 is totally comfortable and four is absolutely uncomfortable

                         Respectfully Submitted,

                         */s/ Randall L. Kallinen*
                         Randall L. Kallinen
                         Kallinen Law PLLC
                         U.S. So. Dist. of TX Bar No.19417
                         State of Texas Bar No. 00790995
                         511 Broadway Street
                         Houston, Texas 77012
                         Telephone:   713.320.3785
                         FAX:         713.893.6737
                         Email:        AttorneyKallinen@aol.com

                         */s/Alexander C. Johnson*
                         Alexander C. Johnson
                         Kallinen Law PLLC
                         State of Texas Bar No. 24123583
                         U.S. So. Dist. of TX Bar No.3679181
                         511 Broadway Street
                         Houston, Texas 77012
                         Telephone:   573.340.3316
                         FAX:         713.893.6737
                         Email:        alex@acj.legal

                         ATTORNEYS FOR PLAINTIFF


                    **CERTIFICATE OF SERVICE**
        I certify that on this March 22, 2024, a true and correct copy of the foregoing pleading was delivered in accordance with the Federal Rules of Civil Procedure to all ECF notice attorneys of record.

                         */s/ Randall L. Kallinen*
                         Randall L. Kallinen