IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB GORSKY, and § | | |
| OLESYA GORSKY § | | |
|    *Plaintiffs,* § | | |
| § | | |
| v. § | CIVIL ACTION NO.: 4:16-CV-2877 | |
| § | | |
| HARRIS COUNTY, TEXAS § | | |
| DEPUTY GUAJARDO, INDIVIDUALLY § | | |
| DEPUTY SMALLL, INDIVIDUALLY, § | | |
| DEPUTY BERRY, INDIVIDUALLY § | | |
| CORPORAL RIVAUX, INDIVIDUALLY § | | |
|    *Defendants* § | | |

# DEFENDANTS' PROPOSED JURY INSTRUCTIONS

**I.**    **General Instructions**

**MEMBERS OF THE JURY:**

**A.**    **Introduction**

    You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

    After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

## B.  Burden of Proof

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## C.  Calling Witnesses

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

## D.  Objections and Rulings of the Court

During the course of the trial, you may have heard counsel make objections to evidence. It is the duty of the attorneys on each side of a case to object when the other side offers testimony or other evidence which the attorney believes is not properly admissible. You should not draw any inference against an attorney or the attorney's client because that attorney has made an objection.

If I overruled an objection and permitted evidence to be admitted over the objection, my ruling on any objection is not, and should not be considered by you to be, any indication of an opinion by me regarding the weight, effect, or probative value of such evidence. You are the sole judges of the credibility of all witnesses and the weight and effect of the evidence.

If I sustained an objection to a question or to the introduction of other evidence, you must disregard the question entirely and may draw no inference from the wording of the question, nor speculate regarding what the witness might have said if the witness had been permitted to answer or regarding the content of any document not admitted.

**E. Witness Testimony**

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely about some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**F. Consideration of the Evidence**

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony, exhibits, stipulated facts, and judicially noticed facts as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence,

but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## G. Juror Notes

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## H. Stipulations

The parties have stipulated to the following facts. This means both sides agree these stipulations are true. You must therefore treat these facts as having been proved, even if no evidence may have been specifically offered regarding them.

1. Defendants Rivaux, Guajardo, Berry, and Small were acting under color of law at all times relevant hereto. This means that both sides agree that this is a fact. You must, therefore, treat this fact as having been proved.

## I. Multiple Defendants

You will need to consider separately the claims made by Plaintiffs against Defendant Rivaux, Defendant Guajardo, Defendant Berry, and Defendant Small regarding the unlawful entry.

You will need to consider separately the claims made by Plaintiffs against Defendant Rivaux and Defendant Guardo regarding the unlawful arrest.

You will need to consider separately the claim made by Plaintiffs against Defendant Small regarding the illegal search.

You will need to consider separately the claims made by Plaintiffs against Defendant Rivaux and Defendant Guardo for the excessive force.

## II. Nature of The Parties' Claims

## A. 42 U.S.C. § 1983: Basic Elements

The Civil Rights Act, 42 U.S.C. § 1983, is an enabling act which establishes the right to sue for money damages for the violation of plaintiffs' rights under the United States Constitution or other federal laws. Under 42 U.S.C. § 1983:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

In this case, to prevail under 42 U.S.C. § 1983, the plaintiffs must allege and prove that the defendant officers acted "under color of state law" and that a defendant deprived that plaintiff of a right secured by the United States Constitution.

The color of state law requirement is met upon the determination that a defendant acted within the course and scope of his/her duty. The county admits that, at the time of the incident, its deputies were acting within the course and scope of their duties for the Harris County Constable Office Precinct 4.

Next, the plaintiffs must prove that there has been a deprivation of a right secured by the Constitution. Here, as will be discussed in more detail later, the plaintiffs must prove that the deputies violated his/her rights under the Fourth Amendment, which prohibits unreasonable searches and seizures.

## B. 42 U.S.C. § 1983: Unreasonable Arrest/Seizure

The plaintiffs claims that they were arrested in violation of the Fourth Amendment of the United States Constitution, which provides in part:

> The right of the people to be secure in their persons…against unreasonable searches and seizures, shall not be violated…

The Fourth Amendment requires that an arresting officer have probable cause to believe that a crime has occurred before making a warrantless arrest. If probable cause to arrest exists, there is no constitutional violation and no liability under 42 U.S.C. § 1983.

Probable cause to arrest exists under the Fourth Amendment where the facts and circumstances of which the arresting officer has knowledge would be sufficient to permit a reasonably prudent person to conclude that a crime has been, will be, or is being committed. The existence of probable cause is determined by a "totality of the circumstances" test.

**C.     42 U.S.C. § 1983: False Arrest/Qualified Immunity**

In considering that there was probable cause to arrest Olesya Gorsky for criminal mischief, you are advised that the law is clearly established that the plaintiff cannot be arrested absent an arrest warrant or probable cause.

In considering that there was probable cause to arrest Jacob Gorsky for hindering apprehension, you are advised that the law is clearly established that the plaintiff cannot be arrested absent an arrest warrant or probable cause.

You should find for the plaintiffs only if the lack of probable cause was so apparent that no reasonable police officer could have believed in the lawfulness of the arrest. However, if probable cause was at least arguable and officers of reasonable competence could disagree on whether there was a legal basis for the arrest, then you should find for the defendant.

**D.     42 U.S.C. § 1983: Non-Deadly Force/Fourth Amendment**

The plaintiffs claim that Deputy Rivaux and Deputy Guardo used excessive force in the course their detention and that this use of force violated their civil rights under the Fourth Amendment. The Fourth Amendment of the United States Constitution guarantees citizens the right "to be secure in their persons . . . against unreasonable . . .seizures."

All claims that law enforcement officers have used excessive force - deadly or not – in the course of an arrest, investigatory stop, or other "seizure" of a free citizen are analyzed under the Fourth Amendment and its reasonableness standard. Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. The right to make an arrest or investigatory stop carries with it the right to use some degree of physical coercion or threat thereof to effect it. Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, its proper application requires careful attention to the facts and circumstances of each particular case, including the

severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he or she is actively resisting arrest or attempting to evade arrest by flight.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.

The reasonableness inquiry in an excessive force case is an objective one: the question is whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. An officer's evil intentions will not make a Fourth amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively unreasonable use of force constitutional.

Thus, by this standard, if you find that the defendant officer's use of force was objectively reasonable in the light of all the circumstances, you should find for the defendant.

**E.     42 U.S.C. § 1983: Excessive Force/Qualified Immunity**

You are further instructed that, under clearly established law, tight handcuffing alone, even where a detainee sustains minor injuries, does not present an excessive force claim. You should find for the Plaintiff Jacob Gorsky only if the excessiveness of the force in hand-cuffing Jacob Gorsky's arm behind his back was so apparent that no reasonable police officer could have believed in the lawfulness of his actions.

You should find for the Plaintiff Olesya Gorsky only if the excessiveness of the force in handcuffing Olesya Gorsky and allegedly sticking a finger in her chest was so apparent that no reasonable police officer could have believed in the lawfulness of his actions.

However, if officers of reasonable competence could disagree on whether the amount of force used was excessive, then you should find for the defendant.

**III. Instructions on Damages**

**A.  Damages**

A plaintiff seeking damages must prove by a preponderance of the evidence that the defendant caused the damages. By a preponderance of evidence means evidence which is of greater weight, or more convincing than that which is offered in opposition to it. It is evidence which, as a whole, shows that the fact or causation sought to be proved is more probable than not.

Proof to substantiate a claim for damages must be clear and definite and not subject to conjecture.

To recover compensatory damages for mental and emotional distress, Plaintiffs Jacob Gorsky and Oleysa Gorsky must prove that they have suffered a specific discernable injury with credible evidence. Hurt feelings, anger, and frustration are part of life and are not the types of harm that could support a mental anguish award. Evidence of mental anguish need not be corroborated by doctors, psychologists, or other witnesses, but Plaintiffs Jacob Gorsky and Oleysa Gorsky must support their claims with competent evidence of the nature, extent, and duration of the harm. Damages for mental or emotional distress must be based on the evidence at trial. They may not be based on speculation or sympathy.

If you find that the Defendants Guajardo, Small, Berry, and Rivaux are liable for the plaintiff's injuries, you must award the plaintiffs the compensatory damages that they have proven. You also may award punitive damages against these defendants, if the plaintiffs have proved that they acted with malice or willfulness or with callous and reckless indifference to the safety or rights of others. One acts willfully or with reckless indifference to the rights of others when he acts in disregard of a high and excessive degree of danger about which he knows or which would be apparent to a reasonable person in his condition.

The purpose of punitive damages is to punish and deter, not to compensate. Punitive damages serve to punish a defendant for malicious or reckless conduct and, by doing so, to deter others from engaging in similar conduct in the future. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward any party. It should be presumed that Plaintiffs have been made whole by compensatory damages, so punitive damages should be awarded only if a Defendant misconduct is so reprehensible as to warrant the imposition of further sanctions to achieve punishment or deterrence. If you decide

to award punitive damages, the following factors should guide you in fixing the proper amount:

1. the reprehensibility of each Defendant [name]'s conduct, including but not limited to whether there was deceit, cover-up, insult, intended or reckless injury.

2. the ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by the victim or with which the victim was threatened;

You may consider the financial resources of each Defendant in fixing the amount of punitive damages. (If there is more than one defendant against whom punitive damages are appropriately sought): You may impose punitive damages against one or more of Defendants and not others. You may also award different amounts against each Defendant.

Plaintiff has the burden of proving each and every element of plaintiff's claim by a preponderance of the evidence. If you find that plaintiff has not proved any one of the elements by a preponderance of the evidence, you must return a verdict for defendant police officer.

## B. Cautionary Instruction on Damages

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## IV. Instructions on Deliberations

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

As judges of the facts, you must decide this case based solely on evidence presented here within the four walls of this courtroom. This means that during deliberations you must not conduct any independent research about this case, the topics involved in the case, or the individuals or corporations mentioned. In other words, you are prohibited from consulting dictionaries or reference materials; searching the internet, web sites, or blogs; or using any other electronic tools to obtain information to help you decide the case.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as telephone, cell phone, smart phone, iPhone, Blackberry, or computer. You may not use the internet, or internet service, or any text or instant messaging service, nor communicate or use in any way any internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. I expect you will inform me as soon as you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is important that you decide this case based solely on the evidence presented in this courtroom. Information on the internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is important that you are not influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your

deliberations, follow all of the instructions that the court has given you regarding your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the marshal, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you may, but are not required to, talk with anyone about the case unless the court orders otherwise.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACOB GORSKY, and § <br> OLESYA GORSKY § <br>     *Plaintiffs,* § <br> § <br> v. § <br> § <br> HARRIS COUNTY, TEXAS § <br> DEPUTY GUAJARDO, INDIVIDUALLY § <br> DEPUTY SMALLL, INDIVIDUALLY, § <br> DEPUTY BERRY, INDIVIDUALLY § <br> CORPORAL RIVAUX, INDIVIDUALLY § <br>     *Defendants* § | CIVIL ACTION NO.: 4:16-CV-2877 |

# DEFENDANTS' PROPOSED VERDICT FORM

## SEARCH AS TO DEPUTY SMALL

1. Do you find by a preponderance of the evidence that Deputy Small deprived the Plaintiff Olesya Gorsky's of a Fourth Amendment right to be free from unreasonable search by going further into the home to search for Ms. Gorsky's son after being instructed to do so by Ms. Gorsky?

                                                                              Yes _____ No_____

## ENTRY

2. Do you find by a preponderance of the evidence that Deputy Berry deprived the Plaintiffs of a Fourth Amendment right to be free from unlawful entry into their dwelling on the belief that Plaintiff Olesya Gorsky consented to entry?

Yes _____ No_____

3. Do you find by a preponderance of the evidence that Deputy Small deprived the Plaintiffs of a Fourth Amendment right to be free from unlawful entry into their dwelling on the belief that Plaintiff Olesya Gorsky consented to entry?

Yes _____ No_____

4. Do you find by a preponderance of the evidence that Deputy Guajardo deprived the Plaintiffs of a Fourth Amendment right to be free from unlawful entry into their dwelling on the belief that Plaintiff Olesya Gorsky consented to entry?

Yes _____ No_____

5. Do you find by a preponderance of the evidence that Corporal Rivaux deprived the Plaintiffs of a Fourth Amendment right to be free from unlawful entry into their dwelling on the belief that Plaintiff Olesya Gorsky consented to entry?

Yes _____ No_____

**SEIZURE**

6. Do you find by a preponderance of the evidence that Deputy Guajardo deprived the Plaintiff Olesya Gorsky of a Fourth Amendment right to be free from unreasonable seizure?

Yes _____ No_____

7. Do you find by a preponderance of the evidence that Deputy Rivaux deprived the Plaintiff Jacob Gorsky of a Fourth Amendment right to be free from unreasonable seizure?

13

Yes _____ No_____

**EXCESSIVE FORCE**

`8.     Do you find by a preponderance of the evidence that Deputy Guajardo deprived the Plaintiff Jacob Gorsky of a Fourth Amendment right to be free from excessive force?

Yes _____ No_____

9.     Do you find by a preponderance of the evidence that Deputy Rivaux deprived the Plaintiff Oleysa Gorsky of a Fourth Amendment right to be free from excessive force?

Yes _____ No_____

If you answered "No" to all of these questions, go no further, and sign the verdict form.

If you answered "Yes" to any, go to question 10, and answer the damages questions only as to the specific officer and the specific alleged violation of rights.

# DAMAGES

10. Which of the following damages, if any, has the plaintiffs proved by a preponderance of the evidence, and how much do you award against the defendant against whom you found liability?

Compensatory damages, if any, for unlawful search as to Deputy Small

_____

Compensatory damages, if any, for excessive force as to Deputy Guajardo

_____

Compensatory damages, if any, for excessive force as to Cpl. Rivaux

_____

Compensatory damages, if any, for unlawful seizure as to Deputy Guajardo.

 _____

Compensatory damages, if any, for unlawful seizure as to Cpl. Rivaux

._____

Compensatory damages, if any, for unlawful entry, jointly and severally as to defendants Small, Berry, Guajardo and Rivaux

_____

Punitive damages, if any,  against Deputy Small	_____

Punitive damages, if any,  against Deputy Berry	_____

Punitive damages, if any, against Deputy Guajardo _____

Punitive damages, if any,  against Cpl. Rivaux	_____

## VERDICT OF THE JURY

We the jury have unanimously agreed to the answers to the attached questions and return such answers in open court, and under the instructions of the Court as our verdict in this case.

_____		Date:_____

FOREPERSON