IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **JACOB GORSKY, and** § | | |
| **OLESYA GORSKY** § | | |
|    *Plaintiffs,* § | | |
| § | **CIVIL ACTION NO.** | |
| V. § | **4:16-CV-2877** | |
| § | | |
| **HARRIS COUNTY, TEXAS, DEPUTY** § | **JURY TRIAL** | |
| **GUAJARDO, INDIVIDUALLY,** § | | |
| **DEPUTY SMALL, INDIVIDUALLY,** § | **JUDGE LEE H. ROSENTHAL** | |
| **DEPUTY BERRY, INDIVIDUALLY,** § | | |
| **CORPORAL RIVAUX,** § | | |
| **INDIVIDUALLY** § | | |
|    *Defendants.* § | | |
| § | | |

### DEFENDANTS' OBJECTIONS AND RESPONSE
### TO PLAINTIFFS' LAST-MINUTE FILINGS

1. To begin, Plaintiffs have had Defendants' exhibits, motions in limine, jury charge and trial brief since March, more seven months ago. (Docket Entry 103, pretrial order with all the parties' required attachments).

2. Further, Plaintiffs are only now objecting to Defendants' exhibits and other trial materials. Defendants had no objections to Plaintiffs' exhibits back in March, but do object to the "bruising" photos and Clark's CV and report, as explained below.

3. In addition, Plaintiffs do not provide the court with case law to support their objections to Defendants' exhibits, as the court's local rules requires.

A. **Court Procedure 12. Exhibits, Section C.**

The court will admit all exhibits listed in the Joint Pretrial Order into evidence unless opposing counsel files written objections supported **by authority** at least 7 days before trial.

4. Then Sunday, yesterday -- the day before a federal holiday, Plaintiffs now offer "bruising" photos which were NOT part of the pre-trial order and not part of their exhibits in March and impermissibly offer the deeply flawed, hearsay "expert" report of Roger Clark.

B. **Objections to new exhibits.**

5. Defendants object to the admission of the expert report and his CV as an exhibit and to the bruising photos. The photos were produced in discovery to defendants in May of 2019; there is no reason why they are only offered now as exhibits. Further the photos are undated and there is no proof that these "bruising" photos were from 2017 when this event occurred. Ms. Gorsky has a history of bruising, separate and apart from her allegations in this case. See Reed report, attached as an exhibit here. **Attachment A**. Christine Reed is Defense expert.

C. **Plaintiffs are too late to object to defendants' exhibits.**

6. First, defendants have no objections to Plaintiffs' Exhibit 1 and 5 (egging video and video of Mr. Gorsky being escorted to police car).

7. As to Plaintiffs' objections to Defendants' exhibits, the response is as follows: Defendants outline their evidentiary support for their proposed exhibits in their trial brief. DE 103-9.

8.      While Plaintiffs filed their objections on Sunday, Oct. 13, this court's rules set out that exhibits are deemed when they are not objected to. Failing to object for nearly seven months at the very least violates the spirit of this court's own rules. All of Defendants' exhibits should be deemed as admitted.

9.      Next, Plaintiffs offer no case law to support their objections. Further, Ms. Gorsky opens the door to all the troubles with her neighbors as she spends most of her time on the audio tape complaining of her neighbors as the source of all her troubles. The emails and attached photos show Ms. Gorsky's participation, along with a male friend, in the feud with her neighbors. They should be admitted.

**D.     Defendants' Exhibit 1 and 1A (summary of Ex. 1), and Exhibit 18.**

10.     Generally, the Gorskys object to Defendants' exhibits as prejudicial.

11.     Federal Rule of Evidence 403 provides:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury....

12.     Defendants' exhibits are not prejudicial and do not confuse the issues or mislead the jury. This case is about this feud. And excessive drinking by the Gorskys.

13.     "In sum, all relevant evidence is prejudicial in the sense it tends to prove a proposition; the question for Rule 403 is whether it is unfairly prejudicial. *Gonzalez v. State*, No. 08-23-00306-CR, 2024 WL 4189237, at *7 (Tex. App. Sept. 13, 2024), citing to M*ontgomery v. State*, 810 S.W.2d 372, 378 (Tex. Crim. App. 1990), on reh'g (June 19, 1991) ("It must be remembered ... that virtually all evidence proffered by a party to a

lawsuit will be prejudicial to the opposing party ... only 'unfair' prejudice provides the basis for exclusion of relevant evidence."). See also, *Gonzalez v. State*, No. 08-23-00306-CR, 2024 WL 4189237, at *7 (Tex. App. Sept. 13, 2024).

14. Here as the Gorskys had a long running feud with their neighbors, including the night of the egging, and Ms. Gorsky complained of this feud to the deputies that night as heard on the audio recording, and because the party that night involved drinking according to deposition testimony of Mr. Gorsky, the Gorskys cannot now complain that their drinking habits, as evidenced by Ms. Gorsky's arrest and the divorce decree are somehow prejudicial. This history is reflected in Exhibits 1, 1A and 18 (another loud party complaint).

E. **Defendants Exhibits 2, 3, 4, 12 and 13.**

15. The neighbors' lawsuit (Ex. 2) and the emails from the Koczmans likewise are relevant, as they are part of the larger feud between these two families. It is not prejudicial as Ms. Gorsky opened the door. The photos of the dog poop involve yet another dispute between these neighbors. Ms. Koczman was convicted of a felony for throwing the poo in the Gorskys' pool. The same pool that is the source of the loud parties that are part of this lawsuit. It is certainly relevant. Likewise, Ms. Gorsky's DWI arrest and her divorce decree limiting access to her son. Ms. Gorsky has just returned to the United States after treatment in her native country, Russia. The drinking and the loud pool party is why the deputies came out to the Gorskys twice that night. Ms. Gorsky cannot say her history is not relevant to that night. And certainly, she cannot testify that she does not have a problem with drinking, which would open the door. It is not unfair or prejudicial under Rule 403.

**F.     Exhibit 5 and 6.**

16.     The constables gave Ms. Gorsky a trespass warning and the Koczman's a trespass warning the night of this lawsuit.  This is not prejudicial; this is why the deputies were out there that night.  Twice.

**G.     Exhibit 9A, 9B and 10A.**

17.     The synced transcript to the audio assists the jury.  These audio transcripts are done by a court reporter and certified. The court can give the jury an instruction to rely on what they hear if they disagree with the transcript.

**H.     Exhibits 14 and 14A.**

18.     Ms. Gorsky has put her bruising front and center in this lawsuit.  She has offered photos of her bruising. These medical records show she has a history of bruising; and given the "undated" photos, Defendants have a right to ask her about this history and it is part of Dr. Reed's testimony.  This is not prejudicial under 403, but very probative of her alleged damages.

**I.     Exhibit 15 is withdrawn but may be offered if need arises.**

**J.     Exhibit 17 is withdrawn but may be offered if need arises.**

**K.     Roger Clark's report is inadmissible hearsay and it contains opinions that need to be struck.**

19.     First, Mr. Clark is listed as a witness for trial.  Plaintiffs do not additionally need his report and CV.  He can testify.

20. Defendants have filed a motion to strike portions of Mr. Clark's report, and ultimately portions of his expected trial testimony because of all the impermissible legal opinions. DE 114, motion to exclude Mr. Clark.

21. Generally, expert reports are inadmissible hearsay because they are out-of-court statements offered to prove the truth of the matter asserted and fall within the definition of hearsay in Federal Rule of Evidence 801(c)(2). *Balfour Beatty Rail, Inc. v. Kansas City S. Ry. Co.,* 173 F. Supp. 3d 363, 413–14 (N.D. Tex. 2016), *aff'd as modified and remanded,* 725 F. App'x 256 (5th Cir. 2018); see also, *Bianco v. Globus Med., Inc.*, 30 F.Supp.3d 565, 570 (E.D.Tex.2014).

22. While experts are allowed to rely on hearsay in forming their opinions, "their testimony is not a vehicle by which evidence that is otherwise inadmissible may be introduced." *Bianco,* 30 F. Supp. at 570. Thus, the court considered the experts' trial testimony regarding the contents of their reports, but the reports themselves are inadmissible hearsay. Additionally, in reviewing the reports and other materials after trial, the court only considered the facts and data that "experts in the particular field would reasonably rely on...in forming an opinion on the subject." Fed. R. Evid. 703; *see also Daubert*, 509 U.S. at 595. The court disregarded, as inadmissible hearsay, all other parts of the reports and evidence that do not fall under Rule 703.

23. Expert reports, like deposition testimony, may be used for any non-hearsay purpose, such as impeaching a witness under Rule 801(d)(1)(A) or rehabilitating a witness under Rule 801(d)(1)(B). However, when offered for their truth, they must be excluded as hearsay. A party cannot offer its own expert witness's report into evidence to bolster the

6

expert's testimony. It is true that Rules 702 and 703 permit expert witnesses to rely on inadmissible evidence to form their opinions and testify as to their opinions. Still, the expert's report, prepared out of court before trial, is inadmissible hearsay. It does not qualify as a business record under Rule 803(6), public record under Rule 803(8), or learned treatise under Rule 803(18), or otherwise fit neatly under any hearsay exception. As the Western District of New York recognized in *Ake v. General Motors*, 942 F. Supp. 869, 878 (W.D.N.Y. 1996), an expert "may testify about some things in [his expert] report, but the report itself is inadmissible."

L.  **Bruising photos were produced after the deposition and many years after the actual incident.**

24.  The alleged "bruising" photos of Ms. Gorsky are undated, and because Ms. Gorsky has a history of bruising, as shown in her medical records, cannot be authenticated. These photos, offered too late, should not be admitted.

Date: October 14, 2024.

Respectfully submitted,

By:  */s/ Suzanne Bradley*
SUZANNE BRADLEY
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793375
Federal ID No. 24567
Tel: (713) 274-5330 (direct)
Suzanne.Bradley@harriscountytx.gov
Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorney for Defendant**
**Corporal Ben Rivaux**

By: /s/ *Gregory Burnett*  (by permission)
GREGORY BURNETT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov
Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorney for Defendants Harris County, Harris County Constable Precinct 4, Glenn Berry, Patrice Small, and Jesus Guajardo**

**CERTIFICATE OF SERVICE**

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties.

/s/ *Suzanne Bradley*
SUZANNE BRADLEY