**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JACOB GORSKY, and** | § | |
| **OLESYA GORSKY** | § | |
| *Plaintiffs,* | § | |
| | § | **CIVIL ACTION NO.** |
| **V.** | § | **4:16-CV-2877** |
| | § | |
| **HARRIS COUNTY, TEXAS, DEPUTY** | § | **JURY TRIAL** |
| **GUAJARDO, INDIVIDUALLY,** | § | |
| **DEPUTY SMALL, INDIVIDUALLY,** | § | **JUDGE LEE H. ROSENTHAL** |
| **DEPUTY BERRY, INDIVIDUALLY,** | § | |
| **CORPORAL RIVAUX,** | § | |
| **INDIVIDUALLY** | § | |
| *Defendants.* | § | |
| | § | |

**<u>CASELAW ON ALLOWING DEFENDANTS TO TESTIFY
ON MEANS TO PAY PUNITIVE DAMAGES</u>**

The court requested case law on allowing defendant officers to testify regarding their ability to pay punitive damages. If the court grants this testimony, defendants seek this instruction: "As jurors, if you decide to award punitive damages, if any, you can consider the testimony of the deputies' regarding their ability to pay."

**I.  CASE LAW**

1.      While a jury may assess punitive damages in a § 1983 case when the defendant's conduct exhibits callous or reckless indifference to the federally protected rights of others, *Doyle v. Landry,* 67 F. App'x 241 (5th Cir. 2003), citing to *Smith v. Wade,* 461 U.S. 30, 56 (1983)), it is also well-settled that the financial circumstances of an individual defendant may be a relevant consideration for an award of punitive damages.

2.      The defendant has the burden of proving that his financial circumstances warrant a reduction in a punitive damages award. *Paul v. Avril,* 901 F. Supp. 330, 336 (S.D.Fla.1994) ("although in assessing punitive damages, the court must consider the defendant's financial condition, the burden is on the defendant to introduce evidence of his modest means.") (citing *Zarcone v. Perry,* 572 F.2d 52, 56 (2d Cir.1978)).   See also, *Lambert v. Fulton Cnty., Ga.,* 97 F. Supp. 2d 1380, 1385 (N.D. Ga. 2000), aff'd, 253 F.3d 588 (11th Cir. 2001).

3.      In any event, it is the Defendant's burden of proof to show grounds warranting a punitive award reduction, either because of the amount's size or because of unconstitutional excessiveness. *See Paul v. Avril*, 901 F. Supp. 330, 356 (S.D. Fla. 1994) and *Lambert v. Fulton County, Ga.*, 97 F.Supp.2d 1380, 1385 (N.D. Ga. 2000) (both citing *Zarcone v. Perry,* 572 F.2d 52 (2nd Cir. 1978) ). *See also, Motorola Credit Corp. v. Uzan,* 509 F.3d 74, 81-87 (2nd Cir. 2007), *Blissett v. Eisensmidt,* 940 F.Supp. 449, 457-58 (N.D.N.Y. 1996), *Jowers v. DME Interactive Holdings, Inc.,* 2006 WL 1408671 (S.D.N.Y. 2006). This means it is the Defendant's prerogative whether to proffer evidence regarding her financial net worth. See also, *Laboy v. Fla. Dep't of Child. & Fam. Servs.,* No. 07-14071-CIV, 2008 WL 11408625, at *1 (S.D. Fla. Jan. 31, 2008).

4.      In this case, the deputies will testify regarding their financial ability to pay punitive damages.

Date: October 17, 2024.

Respectfully submitted,

By:    */s/ Suzanne Bradley*
SUZANNE BRADLEY
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793375
Federal ID No. 24567
Tel: (713) 274-5330 (direct)
Suzanne.Bradley@harriscountytx.gov
Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorney for Defendant**
**Corporal Ben Rivaux**

By:    */s/ Gregory Burnett  (by permission)*
GREGORY BURNETT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov
Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorney for Defendants Glenn Berry,**
**Patrice Small, and Jesus Guajardo**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties.

*/s/ Suzanne Bradley*
SUZANNE BRADLEY