IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB GORSKY, and <br> OLESYA GORSKY <br>    *Plaintiffs,* <br><br> V. <br><br> HARRIS COUNTY, TEXAS, DEPUTY GUAJARDO, INDIVIDUALLY, DEPUTY SMALL, INDIVIDUALLY, DEPUTY BERRY, INDIVIDUALLY, CORPORAL RIVAUX, INDIVIDUALLY <br>    *Defendants.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 4:16-CV-2877 <br><br> JURY TRIAL <br><br> JUDGE LEE H. ROSENTHAL |

## DEFENDANTS' PROPOSED ADDITION AND CHANGE TO CONSENT INSTRUCTION and OBJECTION TO CONSENT INSTRUCTION AS WRITTEN

Defendants submit this proposed instruction on consent to search, and will show the court the following:

Defendants proposed that the language be removed regarding "silence" not being consent. Government officials can engage in a warrantless search of a home if they receive (1) consent, (2) which is voluntarily given, (3) by a person with authority to consent, (4) which does not exceed the scope of the consent. *United States v. Freeman*, 482 F.3d 829, 831–32 (5th Cir. 2007). "Consent to a search does not need to be explicit, but it can be inferred from silence or failure to object to a search only if that silence follows a request for consent." *United States v. Staggers*,

961 F.3d 745, 757 (5th Cir. 2020). "Consent may also be inferred from actions that reasonably communicate consent." *Id.* For example, an individual "motioning to come in (and similar gestures) can constitute implied consent." *United States v. Morrison*, 854 F. App'x 586, 589 (5th Cir. 2021) (citing *United States v. Lewis*, 476 F.3d 369, 381 (5th Cir. 2007)).

The *Morrison* decision proves illustrative. In that case, officers conducted a knock-and-talk at a suspected drug trafficker's home. When a woman answered, the officers introduced themselves and asked if the suspect was present so that they could speak with him. The woman stepped back and opened the door further, which the officers perceived as permission to enter. Once inside, the officers located the suspect and arrested him when they also found narcotics. Before trial, the defendant moved to suppress the controlled substances, on the grounds that the search had been not consensual. The district court denied the motion based on the woman's implied consent to the search. On appeal, the Fifth Circuit affirmed the motion's denial, reasoning that the district court's "finding of implied consent was not clearly erroneous." *Morrison*, 854 F. App'x at 589; *see also United States v. Smith*, 155 F. App'x 747, 750 (5th Cir. 2005) (explaining that a resident "pulling the door open wider and stepping back into the suite" in response to a request to search the home constituted implicit consent to the search).

Consent "can be implied from silence or failure to object if it follows a police

officer's explicit or implicit request for consent." *United States v. Escamilla*, 852 F.3d 474, 484 (5th Cir. 2017). The Court finds that, at the very least, the officers made an explicit request for consent to enter the home, and Samtani implicitly consented.

This court uses a six-factor evaluation to determine whether a defendant voluntarily consented to a search. The factors include: (1) the voluntariness of the defendant's custodial status; (2) the presence of coercive police procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the defendant's awareness of his right to refuse consent; (5) the defendant's education and intelligence; and (6) the defendant's belief that no incriminating evidence will be found. *United States v. Wise*, 877 F.3d 209, 221–22 (5th Cir. 2017) (citing *United States v. Williams*, 365 F.3d 399, 406–07 (5th Cir. 2004) ). "Although all six factors are relevant, no single factor is dispositive." *United States v. Shabazz*, 993 F.2d 431, 438 (5th Cir. 1993).

Consent "can be implied from silence or failure to object if it follows a police officer's explicit or implicit request for consent." *United States v. Escamilla*, 852 F.3d 474, 484 (5th Cir. 2017).

The mere fact that the Defendant Officers possessed holstered firearms does not preclude voluntary consent. *See United States v. Savage*, 459 F.2d 60 (5th Cir. 1972).

Also, any resident may independently consent to search. It does not matter that Mr. Gorsky testified that he did not consent to his wallet and ID being searched for *United States v. Scroggins*, 599 F.3d 433, 442 (5th Cir. 2010) (stating that it is "well-established" that "any resident of a home may independently Consent to entry by police"). In addition, there was no expressed consent to limit scope of the search. *Freeman*, 482 F.3d at 832–34 (explaining that in the absence of any expressed limitation, an officer was not constitutionally unreasonably by construing an individual's consent to search a room as consent to search unlocked bags in the room).

PROPOSED INSTRUCTION

Consent to a search does not need to be explicit, but it can be inferred from silence or failure to object to a search only if that silence follows a request for consent. Consent may also inferred from actions that reasonably communicate consent. Any resident may independently consent to search. In addition, if the consent is given in the absence of any expressed limitation, an officer may search other areas in home.

Date: October 24, 2024.

Respectfully submitted,

By: */s/ Suzanne Bradley*
SUZANNE BRADLEY
Senior Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 00793375
Federal ID No. 24567
Tel: (713) 274-5330 (direct)
Suzanne.Bradley@harriscountytx.gov
Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorney for Defendant**
**Corporal Ben Rivaux**

By: */s/ Gregory Burnett  (by permission)*
GREGORY BURNETT
Assistant County Attorney
ATTORNEY-IN-CHARGE
State Bar No. 24057785
Fed. Bar No. 3785139
Tel: (713) 274-5224 (direct)
gregory.burnett@harriscountytx.gov
Harris County Attorney's Office
1019 Congress Street
Houston, Texas 77002
**Attorney for Defendants Glenn Berry,**
**Patrice Small, and Jesus Guajardo**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties.

*/s/ Suzanne Bradley*
SUZANNE BRADLEY