IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JACOB GORSKY, and <br> OLESYA GORSKY <br>    *Plaintiffs,* <br><br> V. <br><br> HARRIS COUNTY, TEXAS, DEPUTY GUAJARDO, INDIVIDUALLY, <br> DEPUTY SMALL, INDIVIDUALLY, <br> DEPUTY BERRY, INDIVIDUALLY, <br> CORPORAL RIVAUX, <br> INDIVIDUALLY <br>    *Defendants.* | § § § § § § § § § § § § § § § | CIVIL ACTION NO. <br> 4:16-CV-2877 <br><br> JURY TRIAL <br><br> JUDGE LEE H. ROSENTHAL |

## **DEFENDANTS' PROPOSED AMENDED ADDITION AND CHANGE TO UNLAWFUL ARREST INSTRUCTION and OBJECTION TO UNLAWFUL ARREST INSTRUCTION AS WRITTEN**

Defendants submit this proposed instruction on consent to search, and will show the court the following:

Texas Penal Code § 38.15 provides, "[a] person commits an offense if the person with criminal negligence interrupts, disrupts, impedes, or otherwise interferes with ... a peace officer while the peace officer is performing a duty or exercising authority imposed or granted by law." *Id*. § 38.15(a)(1). In order to violate the statute, a person's interference must consist of more than speech alone. *Id*. § 38.15(d) ("It is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only."). Accordingly, we

have held that "merely arguing with police officers about the propriety of their conduct ... falls within the speech exception to section 38.15" and thus does not constitute probable cause to arrest someone for interference. *Freeman*, 483 F.3d at 414; see also *Westfall v. Luna*, 903 F.3d 534, 544 (5th Cir. 2018). By contrast, actions such as "ma[king] physical contact with any of the officers or physically obstruct[ing]" them from performing their legally authorized duties could constitute interference. *Freeman*, 483 F.3d at 414. And "fail[ing] to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech" can also constitute interference. *Childers v. Iglesias*, 848 F.3d 412, 415 (5th Cir. 2017) (describing the state of the law as of September 2013).

PROPOSED ADDITION TO INSTRUCTION

Merely arguing with police officers about the propriety of their conduct falls within the speech exception and thus does not constitute probable cause to arrest someone for interference. Actions such as "ma[king] physical contact with any of the officers or physically obstruct[ing]" them from performing their legally authorized duties could constitute interference. Fail[ing] to comply with an officer's instruction, made within the scope of the officer's official duty and pertaining to physical conduct rather than speech" can also constitute interference.

Date: October 24, 2024.

        Respectfully submitted,

By:   */s/ Suzanne Bradley*
     SUZANNE BRADLEY
     Senior Assistant County Attorney
     ATTORNEY-IN-CHARGE
     State Bar No. 00793375
     Federal ID No. 24567
     Tel: (713) 274-5330 (direct)
     Suzanne.Bradley@harriscountytx.gov
     Harris County Attorney's Office
     1019 Congress Street
     Houston, Texas 77002
     **Attorney for Defendant**
     **Corporal Ben Rivaux**

By:   */s/ Gregory Burnett  (by permission)*
     GREGORY BURNETT
     Assistant County Attorney
     ATTORNEY-IN-CHARGE
     State Bar No. 24057785
     Fed. Bar No. 3785139
     Tel: (713) 274-5224 (direct)
     gregory.burnett@harriscountytx.gov
     Harris County Attorney's Office
     1019 Congress Street
     Houston, Texas 77002
     **Attorney for Defendants Glenn Berry,**
     **Patrice Small, and Jesus Guajardo**

## CERTIFICATE OF SERVICE

I certify that, pursuant to Federal Rules of Civil Procedure, a true copy of the instrument to which this Certificate is attached was duly served upon each party to this cause on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on all parties.

     */s/ Suzanne Bradley*
     SUZANNE BRADLEY