United States District Court
Southern District of Texas
**ENTERED**
December 19, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JACOB GORSKY, *et al.*, §<br>§<br>Plaintiffs, §<br>v. §<br>§<br>HARRIS COUNTY, TEXAS, *et al.*, §<br>§<br>Defendants. § | CIVIL ACTION NO. H-16-2877 |

**ORDER**

This case was tried before a jury from October 21, 2024, to October 25, 2024. The jury returned a unanimous verdict in favor of the defendants, Benjamin Rivaux, Jesus Guajardo, Glenn Berry, and Patrice Small, and against the plaintiffs, Jacob and Olesya Gorsky, on all claims. The court entered a final judgment for the defendants on November 4, 2024. (Docket Entry No. 152). The defendants now seek to recover their attorneys' fees and costs. (Docket Entry No. 153). The Gorskys oppose the defendants' request. (Docket Entry No. 154).

Attorneys' fees for prevailing defendants in a civil rights suit are "presumptively unavailable unless a showing is made that the underlying civil rights suit was vexatious, frivolous, or otherwise without merit." *Dean v. Riser*, 240 F.3d 505, 508 (5th Cir. 2001). "The plaintiff's action must be meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam). Proving that is a "significant burden." *Vanderhoff v. Pacheco*, 344 F. App'x 22, 29 (5th Cir. 2009) (per curiam). "The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes*, 449 U.S. at 14.

The defendants' motion relies on the fact that that the jury deliberated for approximately 90 minutes before returning a verdict denying all the plaintiffs' claims. (Docket Entry No. 153). In this context, that is not sufficient to demonstrate that the Gorskys' claims were "groundless or without foundation." *See Hughes*, 449 U.S. at 14. Several of the Gorskys' claims survived summary judgment, (Docket Entry No. 80), and an appeal to the Fifth Circuit, (Docket Entry No. 90). There is insufficient evidence to conclude that the Gorskys brought this case in bad faith, although the jury quickly found their claims meritless and their evidence lacking in credibility. After hearing all the evidence presented to the jury, this court concludes because the Gorskys' claims were not "vexatious, frivolous, or otherwise without merit," the defendants are not entitled to recover their attorneys' fees. *See Dean*, 240 F.3d at 508.

The defendants' motion, (Docket Entry No. 153), is denied.

SIGNED on December 19, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge